UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLORIA RIVERA,

     Plaintiff,

v.                            CASE No. 8:11-CV-2417-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

### I.

The plaintiff, who was forty years old at the time of the administrative hearing and who has a sixth grade education, has worked

_____

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

relevantly as a garment folder and pants hanger (Tr. 21, 35). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on March 25, 2009 (Tr. 151) due to back and leg problems, depression, bipolar disorder, and memory loss (Tr. 185). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of degenerative disc disease of the lumbar spine, depression, and anxiety (Tr. 49). He concluded that, in view of these impairments, the plaintiff can perform light work with the following limitations (Tr. 51):

> The claimant must never climb ladders, ropes, or scaffolds, but can occasionally climb stairs or ramps, balance, kneel, stoop, couch or crawl. The claimant can perform simple, routine tasks, at the unskilled level with an AVP of 1 or 2. She can occasionally have contact with the public.

The law judge determined that, despite these limitations, the plaintiff could perform past work as a garment folder (Tr. 57). Accordingly, he decided that the plaintiff was not disabled (Tr. 58).

The plaintiff sought review from the Appeals Council, and with her request for review, she submitted two letters from a treating doctor. The Appeals Council considered that evidence, but found that the information did not provide a basis for changing the law judge's decision (Tr. 1-2). Accordingly, the Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A),

1382c(a)(3)(B). In this case, also, the plaintiff must show that she became disabled before her insured status expired on June 30, 2009, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

-4-

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff in this case only raises two issues, and both are related to the Appeals Council. Thus, the plaintiff does not challenge the law judge's decision or any of the findings in it. Notably, the scheduling Order

-5-

provides that "[t]he Plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged" and must support such challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 17, p. 2). Because the plaintiff did not raise, or support, any issues concerning the law judge's decision, any such issues are deemed abandoned.

The plaintiff's first issue is that the Commissioner failed to send a copy of the exhibit file to the plaintiff's new attorneys (Doc. 25, p. 6). In this case, the plaintiff was represented at the hearing by attorney Matthew Mullinax. In connection with the request for review, the Appeals Council sent a copy of the administrative record to Mullinax (Tr. 8). However, in the meantime, the plaintiff's current attorneys took over representation. The plaintiff complains that her new lawyers did not get a copy of the record and did not have an opportunity to review the evidence in the record (Doc. 25, p. 6).

The plaintiff confusingly states this issue as "failing to afford the plaintiff the opportunity to examine evidence admitted subsequent to her hearing" (id., p. 5; see also id. at 2). This contention makes no sense because

the only evidence admitted subsequent to the hearing were two statements by treating physician Dr. Abel Ochoa that were submitted by plaintiff's current lawyers. Obviously, the lawyers had an opportunity to see that evidence.

Furthermore, assuming that the plaintiff meant that she did not have an opportunity to review the evidence in the entire record, that contention is completely meritless. As the Commissioner points out, either the new lawyers or the plaintiff could have requested the copy of the record that was sent to Mullinax from him. The Commissioner also correctly notes that the record contains no indication that the plaintiff requested a new copy from the Appeals Council.   Moreover, this assertion smacks of disingenuousness since far more often that not no argument is presented along with the request for review.

In all events, the record was available to the plaintiff's lawyers when the Commissioner filed it electronically with this court. Since there is no exhaustion requirement concerning a plaintiff's arguments, the plaintiff could have presented to this court whatever it might have said to the Appeals Council about the law judge's decision. As indicated, the plaintiff has raised

no challenge to that decision.   Thus, there is no reason to think that the plaintiff was prejudiced in her request for review due to a lack of the record.

The plaintiff's second issue is that the Commissioner failed to evaluate properly the opinion of Dr. Ochoa, the plaintiff's primary care physician (Doc. 25, p. 7).   In this respect, the plaintiff relies upon two submissions from Dr. Ochoa. The first is a letter dated June 16, 2011 (which was two months after the law judge's decision) that stated that the plaintiff's current conditions include anxiety, depression, bronchial asthma, degenerative disc disease, and chronic back pain with lumbar radiculopathy (Tr.776).   The letter merely stated further that, "[b]ecause of the above listed conditions Gloria Rivera is unable to perform strenuous physical activities, obtain and hold gainful employment" (id.).   The second was a form filled out on July 28, 2011, in connection with the plaintiff's child support obligation which simply checked that the plaintiff is totally and permanently disabled and is currently not able to work (Tr. 773).   These two conclusory submissions do not warrant reversal.

The treatment of new evidence is governed by Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir.

2007). The Eleventh Circuit sought to clarify in <u>Ingram</u> the law concerning the nature and extent of judicial review of new evidence that was first presented to the Appeals Council. In my view, <u>Ingram</u> held that, when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. <u>See</u> <u>Tucker</u> v. <u>Astrue</u>, 2008 WL 2811170 (M.D. Fla. 2008). This assessment is undertaken to determine whether there has been a violation of 20 C.F.R. 404.970(b) and 416.1470(b), which direct which cases the Appeals Council will review.

The plaintiff's memorandum does not even mention <u>Ingram</u> or any subsequent case applying it. Further, it does not discuss the appropriate standard of review. In addition, it does not evaluate any of the evidence in the record before the law judge and attempt to show why the two submissions from Dr. Ochoa render the law judge's findings contrary to the weight of all the evidence.

These circumstances constitute a complete failure to comply with the scheduling Order. Accordingly, this contention is deemed abandoned.

In all events, the two submissions from Dr. Ochoa did not
compel review of the case by the Appeals Council. These two submissions,
which were expressly considered by the Appeals Council (Tr. 1-2), are not
entitled to any significant weight.

Opinions from treating physicians should be given substantial or
considerable weight unless there is good cause for not doing so. Phillips v.
Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the
treating physician's opinion is not bolstered by the evidence, the evidence
supports a contrary finding, or the opinion is conclusory or inconsistent with
the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436,
1440 (11th Cir. 1997).

The two submissions from Dr. Ochoa are, under the regulations,
not considered medical opinions because they merely assert that the plaintiff
cannot work (Tr. 773, 776). 20 C.F.R. 404.1527(d), 416.927(d); Lanier v.
Commissioner of Social Security, 252 Fed. Appx. 311, 314 (11th Cir. 2007).
Such assertions are on issues reserved to the Commissioner since they are
findings that are dispositive of a case. Id.

In addition, the opinions are completely conclusory. They contain no specific findings. Further, they opine no functional limitations except that the plaintiff "is unable to perform strenuous physical activities" (Tr. 776). That limitation is fully consistent with the law judge's determination that the plaintiff was restricted to a limited range of light work (Tr. 51). The submissions from Dr. Ochoa, therefore, clearly do not show that the Appeals Council erred in determining that the law judge's findings are not contrary to the weight of all the evidence, including Dr. Ochoa's opinions.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ⟨27th⟩ day of December, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-11-